IN THE CIRCUIT COURT OF THE<br>
18TH JUDICIAL CIRCUIT IN AND FOR<br>
BREVARD COUNTY, FLORIDA

DIANA WILLIAMS,
on behalf of herself and
others similarly situated,

    Plaintiff(s),                    CASE NO.: _____

v.

COUNTRY BARN CAFÉ LLC,
a Florida Limited Liability Company,
and RHONDA WRIGHT,
individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DIANA WILLIAMS ("Plaintiff"), on behalf of herself and others similarly situated, by and through the undersigned counsel, hereby sues Defendants, COUNTRY BARN CAFÉ LLC ("Country Barn") and RHONDA WRIGHT ("Wright") (collectively, "Defendants"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Brevard County Florida, within the jurisdiction of this Honorable Court.

3. This Honorable Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b).

4. Defendant, COUNTRY BARN CAFÉ LLC. is a Florida Limited Liability Company, conducting business in Brevard County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, RHONDA WRIGHT, is a corporate officer of, and exercised operational control over the activities of corporate Defendant, COUNTRY BARN CAFÉ LLC and exercised day to day control over Plaintiff's work and payment.

6. Venue is proper in Brevard County because all of the actions that form the basis of this Complaint occurred within Brevard County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Defendants employed Plaintiff from on or about March 1, 2022 through on or about April 5, 2022 as a non-exempt Server, which duties included serving drinks and food to customers.

10. During the relevant time period, Plaintiff worked in excess of forty (40) hours per week in a given workweek for Defendants.

11. At all times material hereto, Defendants had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked in excess of forty in a given work week.

12. At all times material hereto, Defendants failed to pay Plaintiff at the proper overtime rate of one and one-half times her regular rate of pay for all hours worked in excess of forty per week

13. Plaintiff worked an average of sixty-five (65) hours per workweek for Defendants.

14. Plaintiff was supposed to be paid $6.98 per hour plus tips.

15. Despite working at least forty (40) hours per week for Defendants, Plaintiff was never paid a minimum wage. Instead, Plaintiff was only paid in cash a handful of times and the amount never reached minimum wage amounts.

16. Despite working an average of twenty-five (25) overtime hours per week for Defendants, Plaintiff was never paid time-and-a-half for these overtime hours.

17. Plaintiff complained to Wright about not being paid correctly, but Wright would never pay Plaintiff when she asked for it.

18. Due to the fact that Plaintiff complained multiple times about not being paid correctly and Defendants never rectifying the unpaid wages, Plaintiff was left with no choice but to quit her employment, as she could not work for an employer that did not pay her correctly. As such, Plaintiff was constructively discharged by Defendants for this reason.

19. At all relevant times, Defendants had or should have had full knowledge of all hours worked by Plaintiff.

## COUNT I
### *FLSA Violation against COUNTRY BARN CAFÉ LLC*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

21. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

22. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its

business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

23. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

24. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

25. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

26. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

   c. Award Plaintiff an equal amount in double damages/liquidated damages; and

   d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

   e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *FLSA Violation against RHONDA WRIGHT*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

28. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, COUNTRY BARN CAFÉ LLC.

29. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

30. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

31. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*FLSA Retaliation against COUNTRY BARN CAFÉ LLC*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

33. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

34. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

35. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices.

36. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

c. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

d. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

e. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *FLSA Retaliation against RHONDA WRIGHT*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

38. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

39. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

40. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices.

41. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

c. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

d. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

e. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 12th day of August, 2022                    Respectfully submitted,


                                                   /s/ Max L. Horowitz
                                                   Anthony M. Georges-Pierre, Esq.
                                                   Florida Bar No.: 533637
                                                   Max L. Horowitz, Esq.
                                                   Florida Bar No.: 118269
                                                   Jorge L. Costa, Esq.
                                                   Florida Bar No.: 1031513
                                                   **REMER & GEORGES-PIERRE, PLLC**
                                                   44 West Flagler Street, Suite 2200
                                                   Miami, FL 33130
                                                   Telephone: (305) 416-5000
                                                   Facsimile: (305) 416-5005
                                                   Email: agp@rgpattorneys.com
                                                              mhorowitz@rgpattorneys.com
                                                              jcosta@rgpattorneys.com