UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DIANA WILLIAMS
    Plaintiff,

v.                                                                                      Case No.: 6:22-cv-1881

COUNTRY BARN CAFÉ LLC
And RHONDA WRIGHT
Defendants
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff DIANA WILLIAMS ("Plaintiff") and Defendants COUNTRY BARN CAFÉ LLC And RHONDA WRIGHT ("Defendants") (collectively, the "Parties") by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and state the following in support thereof:

1. Plaintiff filed suit against Defendants alleging that Defendants violated the Fair Labor Standards Act ("FLSA) by failing to pay her minimum wages and overtime wages and violated the FLSA retaliation provision. Defendants dispute the allegations. Defendants deny all liability, deny that they are a covered enterprise, and deny that Plaintiff was retaliated against in any way.

2. Defendants also assert that even if Plaintiff could prove a coverage under the FLSA, that Plaintiff did not work the number of hours that she alleges. Accordingly, there are disputed issues as to whether Defendant is a covered entity

1

and whether Plaintiff worked any unpaid hours, and if so, the number of hours worked.

3. The Parties are mindful of the costs and risks associated with continued litigation. Through counsel, the Parties exchanged documents and other information and engaged in telephonic and electronic conversations. Plaintiff understands that if she proceeds with litigation, it might be difficult to prove entitlement to any damages and to prove the number of hours she worked. On the other hand, Defendants are also aware of the time and costs associated with moving forward with litigation and trial.

4. Mindful of these risks, after exchanging records and engaging in numerous settlement discussions, on April 6, 2023, The Parties participated in a settlement conference before Magistrate Judge Daniel Irick where the Parties reached a settlement of all of Plaintiff's claims.

5. The total settlement amount is **<u>Seven Thousand Dollars.</u> ($7,000.00),** with $1,250.00 allocated to Plaintiff for full relief of all overtime and minimum wages, $1,250.00 allocated to Plaintiff for liquidated damages alleged by her. The Parties agree that the $2,500.00 in wages and liquidated damages fully compensates Plaintiff for all her alleged unpaid minimum wage and overtime claims that she is arguably due. There is also an additional $1,000 to resolve Plaintiff's retaliation claim and as additional consideration for a mutual general release, and $3,500

allocated for Plaintiff's attorneys' fees and costs incurred in connection with the instant action.

6. The Parties had an antagonistic relationship which included disagreements unrelated to Plaintiff's FLSA claims. This led to the Parties' Mutual Release Agreement. As such, the mutual release was of particular importance to the Defendants and Plaintiff for reasons unrelated to the FLSA claims. Specifically, Plaintiff and Defendants both want assurance that the other will not pursue future claims against them. The Mutual Release Agreement does not provide an unfair benefit on the Defendant/Employer because the terms are in fact mutual. *See* Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351-1351 (discussion regarding general releases in FLSA cases which frequently extract a gratuitous release of all claims against only the employer and therefore provide an "unfair benefit on the employer."). The mutual release was negotiated separate and apart from Plaintiff's FLSA settlement, was required by both Parties, and is in the best interest of the Defendants and the Plaintiff. Additionally, Plaintiff has a pending worker compensation claim against Country Barn Café LLC, which is specifically carved out of the general release to permit her to finalize a resolution of that pending claim separate and apart from the settlement agreement obtained here.

7. The Parties also separately negotiated the additional payment of $3,500.00 in attorneys' fees and costs to Plaintiff's counsel. The payment of attorney's fees

and costs did not compromise Plaintiff's wage claims because they were negotiated separately and because Plaintiff is fully compensated under the terms of the agreement.

8.  All parties to this action are seeking Court approval of the Settlement Agreement attached as **Exhibit A**.

## MEMORANDUM OF LAW

### I.  Legal Standard

In *Lynn's Food Stores,* the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982). A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.

- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See* Leverso v. SouthTrust Bank of Ala., Nat'l Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food Stores,* 679 F.2d at 1354. However, "[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." Park v. Am. Servs. of Cent. Fla., Inc., No. 6:06-cv-882-Orl-22JGG, 2007 WL 430651, at *2 (M.D. Fla. Feb. 3, 2007) (*citing* MacKenzie v. Kindred Hosp. East, L.L.C., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

*Retaliation*

Lynn's Foods does not apply to FLSA retaliation claims and a settlement of an FLSA retaliation claim does not require court approval, so long as the settlement does not contaminate the settlement of any FLSA back wage claims. *See* Philman v. Designers Choice Cabinetry, LLC, Case No. 6:20-cv-1307, 2021 WL 7709674-PGB-DCI, at *2 (M.D. Fla. Sept. 2, 2021) (noting Lynn's Foods does not apply to FLSA retaliation claims and that a settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of any FLSA back wage claim; collecting cases), report and recommendation adopted, 2021 WL 7630522 (M.D. Fla. Sept. 7, 2021).

*General Release*

General releases in FLSA cases are frequently viewed as "a `side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and, therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno,* 729 F. Supp. 2d at 1351-52 (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352.

Nevertheless, courts in this District have approved general releases where a plaintiff received adequate, additional consideration in exchange, even where plaintiffs comprised their FLSA claims. *See Wilburn v. Paradise Lawns & Landscaping, Inc.,* No. 6:14-cv-1557-Orl-37TBS, 2015 WL 13793352, at *1 (M.D. Fla. Feb. 13, 2015), *report and recommendation adopted,* No. 6:14-cv-1557-Orl-37TBS, 2015 WL 13793264 (M.D. Fla. Feb. 19, 2015) (approving FLSA settlement where plaintiff compromised the FLSA claim and received $250 in separate consideration for a general release where it was negotiated separately from plaintiff's FLSA claim); *see also Burch v. TTC Performance Prods., Inc.,* 6:20-cv-537-Orl-40EJK, Doc. 19 at *6-7 (M.D. Fla. Feb. 8, 2021), *report and recommendation adopted,* Doc. 20 (M.D. Fla. Mar. 9, 2021) (approving FLSA settlement where plaintiff received full value for their FLSA claim, plus $100 in separate consideration for a general release, because the

6

general release was negotiated separately from plaintiff's FLSA claim); *Buntin v. Square Foot Management, Co. LLC,* No. 6:14-cv-1394-Orl-37GJK, 2015 WL 3407866, at *2-3 (M.D. Fla. May 27, 2015) (approving FLSA settlement where consideration in the form of a neutral reference was promised by defendant to plaintiff in exchange for a broad general release).

*Attorney's fees and costs*

The Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009). The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See* Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Additionally, where the parties agree that Plaintiff will receive all of the compensation that they are arguably due, the amount of attorney's fees and costs to be paid under the settlement agreement cannot have tainted the amount a plaintiff agreed to accept to settle the case. In such a situation, the court need not scrutinize the settlement agreement further to

consider whether the attorney's fees and costs to be paid are reasonable. *See* Caamal, 2013 WL 5421955, at *5.

## II.     Analysis

The parties engaged in settlement negotiations and attended a settlement conference to reduce unnecessary litigation costs and allow the Parties to put this case behind them and to eliminate the distractions of litigation and focus on other matters.

The Parties are satisfied and jointly represent to the Court that the Agreement fairly resolves the disputes between them in the instant action regarding Plaintiff's claim for allegedly unpaid wages under the FLSA. Plaintiff represents that the settlement fully compensates her for her claims against the Defendant and she has not compromised her claims. Where the parties submit that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement. *See* Mackenzie v. Kindred Hosps. E., LLC, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) (noting that Lynn's Food "addresses judicial oversight of `compromises' of FLSA claims. . . . There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.").

The Parties separately agreed to resolve settle the FLSA retaliation claim alleged in the Complaint and provided additional consideration to resolve it and provide for a general release. There is no need for the Court to approve the settlement of a claim for retaliation under the FLSA, and such claim would only come within the Court's consideration here if it possibly contaminated the settlement of the FLSA back wages claim. Here, the Parties stipulate that the retaliation claim was negotiated separate from her FLSA wage claims, there is separate consideration provided for the general release, and a specific carve-out for her pending workers compensation claim. As a result, the general release does not compromise Plaintiff's FLSA claims.

Additionally, under the settlement the Defendant has separately agreed to pay Plaintiff's attorney's fees as part of a full resolution of Plaintiff's claims. Because the attorneys' fees and costs portion of the settlement was negotiated separately it did not compromise Plaintiff's recovery. *See* Bonetti v. Embarq Management Co., 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) (holding that with respect to attorneys' fees and costs, scrutiny is not required where the parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff").

## CONCLUSION

**WHEREFORE,** Plaintiff, DIANA WILLIAMS and Defendants COUNTRY BARN CAFÉ LLC And RHONDA WRIGHT jointly move this Court to approve the Settlement Agreement attached hereto as **Exhibit A** and to dismiss the case with prejudice.

Respectfully submitted this 26th day of April 2023.

| | |
|---|---|
| */s/ Jorge Costa* | */s/Joseph C. Wood, Esquire* |
| **Jorge L. Costa, Esq.** | Joseph C. Wood, Esquire |
| Florida Bar No. 1031513 | Florida Bar No. 0093839 |
| Counsel for Plaintiff | Counsel for Defendant |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original of the foregoing was filed with the Clerk of Court by using the CM/ECF system, on this 26th day of April 2022.

ARCADIER, BIGGIE, AND WOOD, PLLC.

*/s/ Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No. 0093839
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@ABWlegal.com
Secondary Email: wood@ABWlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075