# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIANA WILLIAMS,**

        **Plaintiff,**

v.                                     **Case No.   6:22-cv-1881-ACC-LHP**

**COUNTRY BARN CAFE, LLC**
**and RHONDA WRIGHT,**

        **Defendants.**

## ORDER

This cause comes before the Court on the parties' Joint Motion to Approve Settlement Agreement (Doc. 32) reached following a settlement conference before Magistrate Judge Irick on April 5, 2023. Doc. 28.

On October 12, 2022, Plaintiff Diana Williams filed suit against Defendants alleging that they violated the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"), by failing to pay her minimum wages and overtime wages and by violating the FLSA retaliation provision. (Doc. 1). Defendants moved for dismissal of Plaintiff's claims, denying liability, that the company was a covered enterprise, and that they retaliated against Plaintiff; they also disputed the number of hours that Plaintiff worked, even if she could prove coverage under the FLSA. (*See* Docs. 7, 32).

In response to court-ordered discovery in FLSA cases, Plaintiff filed her Answer to Court Interrogatories alleging that she was employed by Defendants for one month, from March to April 2021, and she was owed $1,396 in unpaid wages plus $1,622.85 in unpaid overtime. (Doc. 16).

On April 6, 2023, Judge Irick held the settlement conference, at which the parties reached a settlement of the FLSA claims. (Doc. 29). At the settlement conference, the parties agreed on the record to a settlement whereby Plaintiff would receive $7,000.00 comprised of: $1,250 in W-2 wages and overtime; $1,250 in liquidated damages; $1,000 to settle the retaliation claim and as additional consideration for a mutual general release; and $3,500.00 in attorney's fees and costs. (Doc. 29 (audio recording); Doc. 32).

The Court generally reviews settlement agreements reached in FLSA cases to determine whether the agreements are "fair and reasonable" resolutions of a bona fide dispute as required under *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982); *see* Doc. 31. However, in this case, the parties "agree that the $2,500.00 in wages and liquidated damages fully compensates Plaintiff for all her alleged unpaid minimum wage and overtime claims that she is arguably due." (Doc. 32 at 2). "Where the employer offers the plaintiff full compensation on [her] FLSA claim, no compromise is involved, and judicial approval is not required." *Park v. Am. Servs. of Cent. Fla., Inc.*, No. 6:06-cv-882-

Orl-22JGG, 2007 WL 430651, at *2 (M.D. Fla. Feb. 3, 2007) (citing *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

The parties also represent that they have separately agreed to resolve Plaintiff's FLSA retaliation claim and Defendants provided additional consideration to resolve it and provide for a general release. (*Id.* at 9). They contend that there is no need for the Court to approve the settlement of a claim for retaliation under the FLSA, and such claim would only come within the Court's consideration if it "contaminated the settlement of the FLSA back wages claim." (Doc. 32 at 5 (citing *Philman v. Designers Choice Cabinetry, LLC*, Case No. 6:20-cv-1307, 2021 WL 7709674-PGB-DCI, at *2 (M.D. Fla. Sept. 2, 2021) (collecting cases holding that *Lynn's Foods* does not apply to FLSA retaliation claims and settlement of FLSA retaliation claims does not require court approval as long as the settlement does not contaminate the settlement of any FLSA back wage claim), *report and recommendation adopted*, 2021 WL 7630522 (M.D. Fla. Sept. 7, 2021)). The parties stipulate that the retaliation claim was negotiated separate from her FLSA wage claims and that there is separate consideration provided for the general release. As a result, the general release in this case does not compromise Plaintiff's FLSA claims.

To the extent that the settlement agreement in this case contains a mutual release, the parties explain that they "had an antagonistic relationship which included disagreements unrelated to Plaintiff's FLSA claims" and the mutual release was of particular importance to both sides for "reasons unrelated to the FLSA claims."

(Doc. 32 at 3). "Specifically, Plaintiff and Defendants both want assurance that the other will not pursue future claims against them. The Mutual Release Agreement does not provide an unfair benefit on the Defendant/Employer because the terms are in fact mutual." (*Id.* at 6-7 (citing *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-1351 (discussing general releases in FLSA cases which frequently extract a gratuitous release of all claims against only the employer and therefore provide an "unfair benefit on the employer") and other cases). The parties represent that the mutual release was negotiated separate and apart from Plaintiff's FLSA settlement, was required by both Parties, and is in the best interest of both parties. (*Id.*). Additionally, Plaintiff has a pending worker compensation claim against Country Barn Café LLC, which is specifically carved out of the general release to permit her to finalize a resolution of that pending claim separate and apart from the settlement agreement reached by the parties. (*Id.*).

The Parties also separately negotiated the additional payment of $3,500.00 in attorneys' fees and costs to Plaintiff's counsel. The payment of attorney's fees and costs did not compromise Plaintiff's wage claims because they were negotiated separately and because Plaintiff will be fully compensated under the terms of the agreement. (Doc. 32 at 3-4). The Court finds that the amount of attorney's fees to counsel under the settlement agreement is adequate compensation, with no conflict of interest tainting the amount Plaintiff will recover under the Agreement. (Doc. 32).

*See Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009); *cf. Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The Court is not required to review the terms of the settlement agreement given that Plaintiff has been fully compensated for her wage claim. Even if the Court were required to review the amounts for settlement of the wage claim and attorney's fees, the Court would find them to be a "fair and reasonable settlement of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982).

Therefore, it is **ORDERED** as follows:

1. The parties' Joint Motion to Approve Settlement Agreement (Doc. 32) is **GRANTED**.

2. This case is hereby **DISMISSED** with prejudice.

3. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on May 5, 2023.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record